UNITED STATES DISTRICT COURT     NO JS-6

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>PROVISION OPERATION SYSTEMS, INC., ROBERT T. FLETCHER III, RICHARD C. HILL, JAMES W. STOCK, AND LAWRENCE D. MORRIS<br><br>        Defendants. | Case No.: SACV 07-1130 AHS (JWJx)<br><br>**FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT LAWRENCE MORRIS AS TO PERMANENT INJUNCTIVE RELIEF AND REMEDIES** |

WHEREAS, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Civil Rules for the United States District Court for the Central District of California, Plaintiff United States Securities and Exchange Commission ("Commission") has applied for the entry of judgment by default against Defendant Lawrence Morris ("Defendant" or "Morris") based on Morris' failure to answer or otherwise respond to the Commission's Complaint, and the Court having considered the <u>prima facie</u> case for relief shown by the Commission in this matter, which is supported by the full record and those materials submitted by the Commission in support of its Application for Default Judgment, which showing has not been rebutted by the Defendant;

WHEREAS, on September 26, 2007, the Commission commenced this action by filing a Complaint against several parties, including Morris;

WHEREAS, in accordance with Rule 4(f)(3) of the Federal Rules of Civil Procedure, and as ordered by this Court, on December 5, 2007, the Commission filed its Proof of Service (Docket Entry No. 13), which established that Morris was served with the Summons and Complaint on October 10, 2007;

WHEREAS, Morris has not answered the Complaint or otherwise filed a responsive pleading and the time for filing a responsive pleading has expired pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure; and

WHEREAS, the Court accepts as true the following factual allegations in the Complaint against Morris, who has defaulted, and finds:

1. This Court has jurisdiction over this matter pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(d)(1) and 77v(a)] and Sections 21(d)(3), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)(3), 78u(e), and 78aa].

2. Morris has directly or indirectly made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the acts, practices, transactions, and courses of business alleged in the Complaint.

3. Around September or October 2003, Morris entered into an agreement with ProVision Operation Systems, Inc. ("ProVision") and its former chief executive

officer, Robert Fletcher ("Fletcher"). Pursuant to this agreement, from approximately October 2003 until, at least September 2004, Morris sought out and solicited ProVision investors and offered and sold ProVision's stock and other investment opportunities. Morris received transaction-based commissions from ProVision of $540,000 for such activities.

4. Throughout this period, Morris was not registered with the Commission as a broker-dealer or affiliated with a registered broker-dealer, nor did he qualify for any exemptions from the broker-dealer registration requirement.

Now, therefore,

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Application for Final Default Judgment is GRANTED.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 77o(a)] by acting as a broker or dealer by making use of the mails or an instrumentality of interstate

commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless such person is registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 77o(b)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $540,000 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $171,020, for a total of $711,020. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Defendant Morris as a defendant in this action;

setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $60,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d) [15 U.S.C. § 78u(d)(3)] of the

Exchange Act. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Defendant Morris as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

//

//

//

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 10 day of December, 2008.

ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE